Joshua M. Masur (*pro hac vice*)
    *masur@turnerboyd.com*
Karen I. Boyd (*pro hac vice*)
    *boyd@turnerboyd.com*
TURNER BOYD, LLP
2625 Middlefield Road #675
Palo Alto, California 94306
Telephone: (650) 529-1575
Facsimile: (650) 472-8028

John Whipple
    *jwhipple@pashmanstein.com*
Jennifer Castranova
    *jcastranova@pashmanstein.com*
PASHMAN STEIN, P.C.
Court Plaza South
21 Main Street, Suite 100
Hackensack, NJ 07601
Telephone: (201) 488-8200
Facsimile: (201) 488-5556

Attorneys for Defendant
FINELITE, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEDALITE ARCHITECTURAL PRODUCTS,<br><br>                 *Plaintiff,*<br><br>   v.<br><br>FINELITE, INC.,<br><br>                 *Defendant.* | Civil Action No. 2-09-cv-06155<br><br>JURY TRIAL DEMANDED |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT FINELITE, INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

II. LEDALITE'S CHOICE OF FORUM IS ENTITLED TO LITTLE WEIGHT ....................1

    A. New Jersey Is Not Ledalite's Home Forum.............................................................1

    B. Ledalite's Claim Is Not Connected to New Jersey ..................................................2

III. RELEVANT SOURCES OF PROOF ARE LOCATED PREDOMINANTLY IN OR NEAR THE NORTHERN DISTRICT OF CALIFORNIA..................................................3

    A. Northern California Is More Convenient for the Parties .........................................3

    B. Northern California Is More Convenient for Nearly All Witnesses ........................4

    C. The Relevant Documents and Things are Located in the Northern District of California ..................................................................................................6

IV. CONCLUSION............................................................................................................7

## **TABLE OF AUTHORITIES**

### **CASES**

*Digiorgio Corp. v. Mendez & Co.*,
  230 F. Supp. 2d 552 (D.N.J. 2002) .................................................................................... 2

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) ............................................................................................ 6

*Hoffer v. Infospace.com*,
  102 F. Supp. 2d 556 (D.N.J. 2000) .................................................................................... 6

*LG Elects. Inc. v. First Int'l Computer*,
  138 F. Supp. 2d 574 (D.N.J. 2001) .............................................................................. 1, 2, 3

*Pequignot v. Solo Cup Co.*,
  ___ F.3d ____, No. 2009-1547 (Fed. Cir., June 10, 2010) ................................................. 3

*Pequignot v. Solo Cup Co.*,
  646 F.Supp.2d 790 (E.D. Va. 2009) ................................................................................... 3

*Ricoh Company, Ltd. v. Honeywell, Inc.*,
  817 F.Supp. 473 (D.N.J. 1993) ................................................................................... 1, 2, 3

I.      **INTRODUCTION**

Defendant Finelite, Inc.'s ("Finelite's") design, development, research, production, and marketing and sales decisions related to the accused products, and even the sales themselves, were made in Calfornia.  The "evidence" proffered by Plaintiff Ledalite Architectural Products ("Ledalite") to tie its claim to this venue fails to support Ledalite's claims, and substantially all relevant sources of proof are located in California or outside the country.

This case should be transferred to the district in the center of the accused activity: the Northern District of California.

II.     **LEDALITE'S CHOICE OF FORUM IS ENTITLED TO LITTLE WEIGHT**

   A.    **New Jersey Is Not Ledalite's Home Forum**

Ledalite suggests, without citation, that because, "[a]s a Canadian company, … Ledalite has no 'home forum' in the U.S. in which it could have brought this suit to enforce its intellectual property rights under U.S. law," its choice to sue in New Jersey deserves the full measure of deference afforded to a plaintiff that sues in its home forum.  Opp. at 4.  Ledalite's failure to cite any applicable precedent is striking, because it is hardly the only foreign patentee ever to sue to enforce a U.S. patent.  The law is unequivocal:  "a foreign plaintiff … has no claim to 'home turf' in New Jersey and is not entitled to an enhanced presumption in favor of its choice of forum."  *Ricoh Company, Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 485 (D.N.J. 1993).[1]

*Ricoh* involved a Japanese plaintiff that sued a Delaware corporation with a principal place of business in Minneapolis, Minnesota.  *Ricoh*, 817 F.Supp. at 475-76 (citing pleadings and

---

[1] Even the cases cited by Ledalite require that a foreign plaintiff's forum choice receives less deference than that of a resident plaintiff.  *See, e.g.*, *LG Elects. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 589-90 (D.N.J. 2001) ("Although plaintiff's choice militates against transfer, the weight of that choice is significantly lessened by the fact that [the plaintiff, a Korean corporation,] does not reside in New Jersey").

declarations).  Here, as in *Ricoh*, "trial in New Jersey would cause significant inconvenience to [the defendant's] business and to its employees who would be witnesses."  *Ricoh*, 817 F.Supp. at 485.  Here, as in *Ricoh*, "by choosing to bring this litigation, [the plaintiff] has accepted the fact that litigation will occur in a forum thousands of miles from its home turf and will cause it significant inconvenience."  *Id.*  Here, as in *Ricoh*, the plaintiff's "failure to provide factually specific affidavits to the contrary [leaves] no reason to believe that trial in [the transferee venue] is any more inconvenient … than trial in New Jersey."  *Id.*  Ledalite's choice of forum deserves no deference at all.

### B. Ledalite's Claim Is Not Connected to New Jersey

Ledalite's Opposition does not contest that Finelite's decisions regarding the development, testing, research, production, marketing, and sales of the accused products occurred at Finelite's corporate headquarters in the Northern District of California.  Rather, Ledalite claims that New Jersey is a proper venue because Finelite supposedly made "sales of the accused Finelite HPR products in New Jersey."  Opp. at 4.  Ledalite ignores entirely that, as noted in Finelite's moving papers, Mot. at 3, 6-7, 12, those sales were made F.O.B. Union City, California.  As a result, as a matter of law, all sales were actually made in California.  *See, e.g.*, *Digiorgio Corp. v. Mendez & Co.*, 230 F. Supp. 2d 552, 553 (D.N.J. 2002) ("F.O.B. New Jersey [means] that title to the goods passes in New Jersey").

But even if the sales had been made in New Jersey, they would not support venue in this District.  Citing *LG Electronics, Inc. v. First International Computer, Inc.*, Ledalite asserts that "one of the 'central facts' courts consider in deciding whether to transfer patent infringement cases are sales of accused products."  Opp. at 4 (citing *LG*, 138 F.Supp.2d at 590).  Not only does the opinion in that case never refer to the location of sales as a "central fact," it

characterizes it as essentially irrelevant to the venue inquiry: "Also relevant is the place where marketing and sales decisions [for the accused device] were made, *rather than where the limited sales activity has occurred.*" *LG*, 138 F.Supp.2d at 590 (emphasis added). *LG Electronics* actually applies the leading *Ricoh* case, requiring that venue "ought to be as close as possible to the area of the [allegedly] *infringing device* and the hub of activity centered around its production," and considering "the location of [the accused] product's development, testing, research and production." *Id.* (citing *Ricoh*, 817 F.Supp. at 481, n. 17).

There is no genuine dispute that the central facts related to Finelite's alleged infringement relate to the Northern District of California, not New Jersey. Accordingly, this factor "heavily favors transfer" to the California. *LG*, 138 F. Supp. 2d at 590.

### III. RELEVANT SOURCES OF PROOF ARE LOCATED PREDOMINANTLY IN OR NEAR THE NORTHERN DISTRICT OF CALIFORNIA

#### A. Northern California Is More Convenient for the Parties

As Finelite noted in its moving papers and Ledalite apparently concedes, the Northern District of California is at least as convenient to Ledalite's headquarters in British Columbia as is this District. Ledalite has, however, countered that the fact that Ledalite is represented by local counsel in the Northern District of California in the separate false marking case[2] "equally

---

[2] Ledalite also suggests that a recent Federal Circuit decision, *Pequignot v. Solo Cup Co.*, ___ F.3d ____, No. 2009-1547 (Fed. Cir., June 10, 2010), "affirmed a summary judgment dismissing false marking claims based on essentially the same facts present in the California action." Opp. at 9. But *Pequignot* establishes no rule that merely seeking advice of counsel precludes liability for false marking. The district court's decision in *Pequignot* came nearly two years into the case, with discovery into the basis for and substance of the advice of counsel defense, including depositions of its counsel. *See Pequignot v. Solo Cup Co.*, 646 F.Supp.2d 790, 793-94, 798-800 (E.D. Va. 2009) (summary judgment opinion; discussing Solo Cup's lawyers' testimony). In the Northern California case, by contrast, Ledalite has not yet even filed an answer, discovery has not yet begun, and Ledalite has disclosed only a single email supposedly supporting its lack of intent. Moreover, even if Ledalite can establish grounds for a

supports an argument against transfer, as Finelite has retained New Jersey counsel in the present case." Opp. at 7-8. Ledalite ignores, however, that because both Finelite and its lead counsel reside in the Northern District of California, venue in this District requires all parties and lead counsel to travel from outside the District, while venue in Northern California would require only one party to do so. In addition, Ledalite's attorneys have an office in the Northern District of California and need not retain separate local counsel there. In fact, counsel for Ledalite has advised the undersigned that Ledalite expects to be represented by its local counsel, without the participation of its purported lead counsel, at either or both court appearances — one for case management, the other for hearing on a partially-dispositive motion — scheduled for July 2010 in the Northern California case. Ledalite's actions suggest that its Northern California attorneys will have a level of substantive involvement that exceeds that of mere local counsel.

Because the Northern District of California is far more convenient for Finelite, and there is no evidence that it is less convenient for Ledalite, this factor weighs strongly in favor of transfer.

### B.   Northern California Is More Convenient for Nearly All Witnesses

Ledalite asserts that only the convenience of third-party witnesses should have any bearing on venue. *See* Opp. at 5. Even assuming that Ledalite were correct on the law, the convenience of the two non-party California witnesses identified by Finelite would at least

---

*Pequignot* advice of counsel defense, the cases are already otherwise notably distinct. Solo Cup marked *products*, as provided and encouraged by 35 U.S.C. § 287; but because that statute provides no benefit or legal support for marking *advertising*, as Ledalite has, Ledalite cannot argue that its false marking was motivated by legitimate legal interests. Solo Cup marked with expired patents that once covered the product; Ledalite, by contrast, marked with patents that have never even arguably covered the products in question, and its marking was therefore always false. Finelite is a commercial competitor of Ledalite, not a *qui tam* nominal plaintiff like Pequignot who may face a higher standard of proof. Ledalite's suggestion that Finelite's false marking suit lacks merit in light of *Pequignot* betrays a lack of comprehension of both cases.

neutralize the consideration of convenience of witnesses.  Both Dallas Buchanan and Sean Darcy have actual knowledge of public uses, sales, offers for sale, and/or knowledge or use by others, of prior art products that are essentially identical to the accused or patented products, which will be proffered to invalidate the patents-in-suit.  *See* Masur Decl., Ex. I (Finelite Initial Disclosures) at 6 (identifying Buchanan and Darcy as likely to have discoverable information regarding "[p]rior art to the patents-in-suit").  Ledalite's statement that "neither appears to have a particular, substantial relationship to the facts underlying the case," Opp. at 7, is neither supported nor supportable.

In any event, however, the testimony of these California witnesses is at least as relevant and probative of the claims and defenses in this case as the single New Jersey witness whom Ledalite asserts will testify regarding alleged actual confusion between the accused and patented products.  *See id.* at 5-6.  And if Ledalite indeed has any alleged evidence of actual confusion, it has proffered none in opposition to this motion.

The sole New Jersey-related evidence proffered by Ledalite is an email, allegedly from an engineer to a designer:

> The attached fixture seems to be compatible to the one selected by your vendor. The cost, energy efficiency and lighting levels appear to be similar. I think we should specify both and/or get samples set up for the owner's review,

Howitt Decl., Ex. A.  If anything, this email confirms the author's **lack** of actual confusion, because unless the author realized that the accused and patented products were different, there would be no reason to "specify **both** and/or get samples set up for the owner's review."  *Id.* (emphasis added).  The email does assert that the accused and patented products are "compatible," and that their respective "cost, energy efficiency and lighting level appear to be similar," *id.*, but those are *functional* similarities, which are irrelevant to infringement of a

— 5 —

design patent.  *See, e.g.*, *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 680 (Fed. Cir. 2008) (trial court should construe design patent to "usefully guide the finder of fact [in] … distinguishing between those features of the claimed design that are ornamental and those that are purely functional").  And of course, the email in question is neither authored by nor addressed to any witness identified by Ledalite's initial disclosures.  *Compare* Howitt Decl., Ex. A (email from George Reed to Rob Bloch) *with* Masur Decl., Ex. J (Ledalite's Initial Disclosures) at 2-3 (witness list).  In short, this email is barely, if at all, relevant to the case.

As transfer would significantly decrease the burden on all but one identified witness, the convenience of witnesses weighs in favor of transfer.

### C. The Relevant Documents and Things are Located in the Northern District of California

Ledalite asserts that the location of documents — particularly electronic documents — is irrelevant to the venue decision.  Opp. at 8.  As set forth in Finelite's motion, however, the law is clear that the "'relative ease of access to sources of proof'" — including location of documents — "is another private interest District Courts may consider when evaluating a motion to transfer." *Hoffer v. Infospace.com*, 102 F. Supp. 2d 556, 575 (D.N.J. 2000).

Even were Ledalite correct, however, Ledalite ignores that Finelite has also stated that there are relevant ***things*** in California.  *See* Mot. at 11.  Ledalite's complaint accuses Finelite of "***making*** … lighting fixtures covered by the" patents-in-suit. D.I. 1, ¶¶ 8, 12, 16, 20.  Obviously, the relevant evidence regarding "making" of the accused products includes facilities, equipment, and other physical objects that are located in California, not New Jersey, and that are not readily transportable.

## IV. CONCLUSION

There is no genuine connection between the allegedly infringing activity and the District of New Jersey. This case should be transferred to the Northern District of California, where the vast majority of the relevant domestic evidence, documents, and witnesses are found.

Dated: June 28, 2010					FINELITE, INC.

								By its attorneys:

								By: _____
								Joshua M. Masur

								TURNER BOYD LLP